ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
BALDWIN J. LEE (BAR NO. 187413)
ALEXANDER NESTOR (BAR NO. 202795)
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  blee@allenmatkins.com
            anestor@allenmatkins.com

Attorneys for Defendants
WELLS FARGO BANK, WELLS FARGO & CO.
AND PAM RUBIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YESENIA GUITRON and JUDI KLOSEK, | Case No. CIV-10-03461 CW |
| Plaintiffs, | **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** |
| vs. | |
| WELLS FARGO BANK, N.A.; PAM RUBIO and DOES 1-20, | |
| Defendants. | **Judge:  Hon. Claudia Wilken** |

Defendants Wells Fargo Bank, National Association ("Wells Fargo Bank"), Wells Fargo &

Co. ("Wells Fargo & Co."), and Pam Rubio ("Ms. Rubio") (collectively "Defendants"), answer the

Second Amended Complaint and Demand for Jury Trial ("SAC") of Plaintiffs Yesenia Guitron

and Judy Klosek (collectively "Plaintiffs") as follows:

I.      **INTRODUCTION**

1.      Answering Paragraph 1 of the SAC, Defendants admit, based on Plaintiffs'

allegations in their SAC, that this is an action brought by Plaintiffs against Defendants purportedly

in connection with claims arising from Plaintiffs' employment with Wells Fargo Bank.  Except as

so admitted, Defendants deny each and every allegation in Paragraph 1.

2.      Answering Paragraph 2 of the SAC, Defendants admit that Plaintiffs allege that

their action is predicated upon Wells Fargo Bank's allegedly unlawful and unethical business

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP          812309.03/SF

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1  practices that Ms. Rubio allegedly implemented at the store she managed for Wells Fargo Bank

2  with regard to an employee incentive plan named The Daily Solution Reward plan.  Defendants

3  also admit that both Plaintiffs were employed at the Wells Fargo Bank store that Ms. Rubio

4  managed.  Defendants further admit that Plaintiff Klosek requested a medical leave of absence.

5  Except as so admitted, Defendants deny each and every allegation in Paragraph 2.

6       3.     Answering Paragraph 3 of the SAC, Defendants admit that Wells Fargo Bank's

7  Daily Solution Reward plan is part of Wells Fargo Bank's incentive program that it offers to its

8  employees.  Defendants also admit that the Daily Solution Reward plan permits Wells Fargo

9  Bank's employees to earn incentive compensation for opening accounts or providing other bank

10 products for its customers.  Except as so admitted, Defendants deny each and every allegation in

11 Paragraph 3.

12      4.     Answering Paragraph 4 of the SAC, Defendants deny each and every allegation in

13 Paragraph 4.

14 **II.     JURISDICTION**

15      5.     Answering Paragraph 5 of the SAC, Defendants admit that Plaintiffs in their SAC

16 base purported causes of action on Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000e, *et*

17 *seq.* ("Title VII") and §806 of the Sarbanes-Oxley Act, 18 U.S.C. §1514A, *et seq.* ("Sarbanes-

18 Oxley").  Defendants further admit, based on Plaintiffs' SAC allegations, that this Court has

19 original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and supplemental

20 jurisdiction over Plaintiffs' California Government Code ("Gov't Code") claims pursuant to

21 28 U.S.C. §1367.

22 **III.    VENUE**

23      6.     Answering Paragraph 6 of the SAC, Defendants admit that venue is proper in the

24 United States District Court, Northern District of California, pursuant to 28 U.S.C. §1391, and that

25 Wells Fargo Bank conducts business in this district and a substantial part of the alleged events and

26 alleged omissions giving rise to Plaintiffs' claims occurred in this district.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-2-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1  **IV.   PARTIES**

2          7.      Answering Paragraph 7 of the SAC, Defendants are without sufficient knowledge

3  or information to form a belief as to the truth of the allegation that Plaintiff Guitron is, and at all

4  relevant times was, a resident of the City of Napa, California.  Defendants admit that Wells Fargo

5  hired Plaintiff Guitron as a Personal Banker 1 and that she worked in Wells Fargo Bank's

6  St. Helena store in that capacity from March 2008 through the end of her employment in

7  January 2010.  Defendants also admit that Plaintiff Guitron was employed by Wells Fargo Bank

8  and, pursuant to that employment, was an employee of Wells Fargo Bank within the meaning of

9  Title VII.  Except as so admitted, Defendants deny each and every allegation in Paragraph 7.

10          8.      Answering Paragraph 8 of the SAC, Defendants are without sufficient knowledge

11  or information to form a belief as to the truth of the allegation that Plaintiff Klosek is, and at all

12  relevant times was, a resident of the City of Napa, California.  Defendants admit that Wells Fargo

13  Bank hired Plaintiff Klosek as a Licensed Personal Banker 2 for its Sonoma store in

14  September 2008.  Defendants also admit that Plaintiff Klosek worked in that capacity until

15  June 2009 when Wells Fargo Bank transferred her to its St. Helena store, where she continues to

16  be employed as a Licensed Personal Banker 2.  Defendants further admit that Plaintiff Klosek was

17  employed by Wells Fargo Bank and, pursuant to that employment, was an employee of Wells

18  Fargo Bank within the meaning of Title VII.  Except as so admitted, Defendants deny each and

19  every allegation in Paragraph 8.

20          9.      Answering Paragraph 9 of the SAC, Defendants admit that Wells Fargo & Co. is a

21  Delaware corporation, with its headquarters in San Francisco, California.  Defendants also admit

22  that Wells Fargo & Co. is authorized to, and does, conduct business in the State of California.

23  Defendants deny that Wells Fargo & Co. was an employer of Plaintiffs.  Except as so admitted

24  and/or denied, Defendants deny each and every allegation in Paragraph 9.

25          10.     Answering Paragraph 10 of the SAC, Defendants admit that Wells Fargo Bank is a

26  national bank operating under a National Bank Charter.  Defendants also admit that Wells Fargo

27  Bank is, and during Plaintiffs' employment with Wells Fargo Bank was, authorized to and did

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP          812309.03/SF                                                     -3-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1    conduct business in the State of California. Defendants further admit that Wells Fargo Bank

2    maintains stores and offices, and conducts business, in California. Wells Fargo Bank is an

3    employer within the meaning of Title VII. Except as so admitted, Defendants deny each and every

4    allegation in Paragraph 10.

5           11.     Answering Paragraph 11 of the SAC, Defendants admit that Ms. Rubio is, and

6    during Plaintiffs' employment with Wells Fargo Bank was, Wells Fargo Bank's St. Helena Store

7    Manager and that she lives in Rutherford, California. Defendants also admit that Ms. Rubio was

8    Plaintiff Klosek's and Plaintiff Guitron's direct supervisor throughout their employment at the

9    St. Helena store. Except as so admitted, Defendants deny each and every allegation in Paragraph

10   11.

11          12.     Answering Paragraph 12 of the SAC, Defendants are without sufficient knowledge

12   or information to form a belief as to the truth of any of the allegations in this Paragraph and, on

13   that basis, deny each and every allegation in Paragraph 12.

14   **V.      FACTUAL ALLEGATIONS**

15          **A.      The Daily Solutions Reward Program at Wells Fargo**

16          13.     Answering Paragraph 13 of the SAC, Defendants admit that Wells Fargo Bank

17   provides certain employees the opportunity for incentive compensation to enhance and develop

18   customer relationships. Except as so admitted, Defendants deny each and every allegation in

19   Paragraph 13.

20          14.     Answering Paragraph 14 of the SAC, Defendants admit that, for the stores at which

21   Plaintiffs worked during the applicable time period, there were five metrics on which quarterly

22   incentive compensation was based, including Daily Solutions, Daily Profit Proxy,

23   Quarterly Packages, Quarterly Partner Referrals, and Quarterly Loan Units. Defendants also

24   admit that, to qualify for incentive compensation in a quarter, a Personal Banker at the St. Helena

25   store had to meet the incentive eligibility minimum in at least three of the five metrics and average

26   100% of goal across all five. Except as so admitted, Defendants deny each and every allegation in

27   Paragraph 14.

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-4-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

15.     Answering Paragraph 15 of the SAC, regarding the stores at which Plaintiffs worked during the applicable time period, Defendants admit that the Daily Solutions metric is important.  Defendants also admit that Daily Solutions include various different products and services that Wells Fargo Bank offers to its customers.  Defendants further admit that each product and service that qualifies as a Daily Solution has a profit proxy.  Except as so admitted, Defendants deny each and every allegation in Paragraph 15.

16.     Answering Paragraph 16 of the SAC, Defendants admit that Wells Fargo Bank provides employees at various levels with the opportunity for incentive compensation based on various factors, including, among other things, their performance and the performance of their store, their district and/or their region.  Except as so admitted, Defendants deny each and every allegation in Paragraph 16.

17.     Answering Paragraph 17 of the SAC, regarding the stores at which Plaintiffs worked during the applicable time period, Defendants admit that Personal Bankers have Daily Solutions goals.  Defendants also admit that meeting his or her goals in any quarter may help a Personal Banker to qualify for incentive compensation.  Except as so admitted, Defendants deny each and every allegation in Paragraph 17.

18.     Answering Paragraph 18 of the SAC, regarding the stores at which Plaintiffs worked during the applicable time period, Defendants admit that Store Managers have Daily Solutions goals for their stores, that District Managers have Daily Solutions goals for their districts and that Regional Presidents have Daily Solutions goals for their regions.  Defendants also admit that meeting his or her goals in any quarter may help a Store Manager, District Manager or Regional President to qualify for incentive compensation.  Except as so admitted, Defendants deny each and every allegation in Paragraph 18.

19.     Answering Paragraph 19 of the SAC, Defendants admit that, as Store Manager, Rubio was responsible for overseeing the incentive compensation program at the St. Helena store. Except as so admitted, Defendants deny each and every allegation in Paragraph 19.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-5-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1    20.    Answering Paragraph 20 of the SAC, Defendants deny each and every allegation in

2    said Paragraph.

3    21.    Answering Paragraph 21 of the SAC, Defendants deny each and every allegation in

4    said Paragraph.

5    **B.    Factual Allegations Pertaining to Guitron**

6        **i.    General Background**

7    22.    Answering Paragraph 22 of the SAC, Defendants are without sufficient knowledge

8    or information to form a belief as to the truth of any of the allegations in this Paragraph and, on

9    that basis, deny each and every allegation in Paragraph 22.

10    23.    Answering Paragraph 23 of the SAC, Defendants admit that Wells Fargo Bank

11    hired Plaintiff Guitron in March 2008 as a Personal Banker 1.  Defendants also admit that Plaintiff

12    Guitron worked in that capacity in the St. Helena store for the entirety of her employment with

13    Wells Fargo Bank.  Defendants further admit that her direct supervisors were Ms. Rubio and Isook

14    Park, St. Helena store's Customer Service Manager.  Except as so admitted, Defendants deny each

15    and every allegation in Paragraph 23.

16    24.    Answering Paragraph 24 of the SAC, Defendants admit that, as a Personal Banker

17    1, Plaintiff Guitron provided banking services to bank customers, including, but not limited to,

18    seeking out new customers, servicing existing customers, and processing loans.  Defendants also

19    admit that Plaintiff Guitron's job responsibilities included, among other things, seeking out new

20    customers, opening accounts and selling banking products to existing customers.  Except as so

21    admitted, Defendants deny each and every allegation in Paragraph 24.

22    25.    Answering Paragraph 25 of the SAC, Defendants admit that Wells Fargo Bank

23    issued corrective action to Plaintiff Guitron based on her performance issues.  Defendants are

24    without sufficient knowledge or information to form a belief as to the truth of the allegation that

25    Plaintiff Guitron was "voted" three times employee of the month or "selected" by any customer as

26    their favorite banker and, on that basis, deny each and every allegation in Paragraph 25.  Except as

27    admitted, Defendants deny each and every allegation in Paragraph 25.

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-6-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1

         **ii.     Unlawful Practices Witnessed by Guitron**

2        26.     Answering Paragraph 26 of the SAC, Defendants deny each and every allegation in

3  said Paragraph.

4        27.     Answering Paragraph 27 of the SAC, Defendants admit that Wells Fargo Bank's

5  written policies strictly prohibit "gaming," which can include, among other things, providing

6  customers with products to which the customer did not consent and providing customers with

7  products that the customer does not need in order to meet sales incentive goals.  Defendants also

8  admit that they consider "gaming" practices to be unethical and, in some cases, fraudulent.  As

9  such, Wells Fargo Bank's written banking policies specifically prohibit "gaming."  Except as so

10  admitted, Defendants deny each and every allegation in Paragraph 27.

11       28.     Answering Paragraph 28 of the SAC, Defendants admit that Judy Bowman

12  received a telephone call from Plaintiff Guitron regarding some unidentified sales concerns.

13  Defendants also admit that Ms. Bowman advised Plaintiff Guitron to discuss any sales concerns

14  first with her Store Manager and, if she still had concerns, with any of the many resources

15  available to her, including, among others, a Human Resources Consultant, her District Manager,

16  and/or her Market Consultant.  Except as so admitted, Defendants deny each and every allegation

17  in Paragraph 28.

18       29.     Answering Paragraph 29 of the SAC, Defendants deny each and every allegation in

19  said Paragraph.

20       30.     Answering Paragraph 30 of the SAC, Defendants deny each and every allegation in

21  said Paragraph.

22       31.     Answering Paragraph 31 of the SAC, Defendants deny each and every allegation in

23  said Paragraph.

24       32.     Answering Paragraph 32 of the SAC, Defendants admit that Plaintiff Guitron was

25  on a family leave in April and May 2009.  Except as so admitted, Defendants deny each and every

26  allegation in Paragraph 32.

27

28

33.     Answering Paragraph 33 of the SAC, Defendants admit that Plaintiff Guitron received a verbal warning for tardiness during her employment with Wells Fargo Bank.  Except as so admitted, Defendants deny each and every allegation in Paragraph 33.

34.     Answering Paragraph 34 of the SAC, Defendants deny each and every allegation in said Paragraph.

35.     Answering Paragraph 35 of the SAC, Defendants deny each and every allegation in said Paragraph.

36.     Answering Paragraph 36 of the SAC, Defendants admit that Plaintiff Guitron complained about Corinna Zavaleta.  Except as so admitted, Defendants deny each and every allegation in Paragraph 36.

37.     Answering Paragraph 37 of the SAC, Defendants admit that Ms. Rubio and Isook Park met with Plaintiff Guitron in August 2009 to ensure that Plaintiff Guitron felt her concerns were being addressed.  Except as so admitted, Defendants deny each and every allegation in Paragraph 37.

38.     Answering Paragraph 38 of the SAC, Defendants admit that, in or about August 2009, Ms. Rubio gave Plaintiff Guitron her second quarter performance review.  Except as so admitted, Defendants deny each and every allegation in Paragraph 38.

39.     Answering Paragraph 39 of the SAC, Defendants deny each and every allegation in said Paragraph.

40.     Answering Paragraph 40 of the SAC, Defendants admit that Ms. Rubio scheduled staff meetings and call nights at the St. Helena store for which attendance was required for all Personal Bankers, including Plaintiff Guitron, but there was no action taken if a Personal Banker did not attend.  Except as so admitted, Defendants deny each and every allegation in said Paragraph.

41.     Answering Paragraph 41 of the SAC, Defendants deny each and every allegation in said Paragraph.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-8-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1    42.    Answering Paragraph 42 of the SAC, Defendants deny each and every allegation in

2    said Paragraph.

3    43.    Answering Paragraph 43 of the SAC, Defendants deny each and every allegation in

4    said Paragraph.

5    44.    Answering Paragraph 44 of the SAC, Defendants deny each and every allegation in

6    said Paragraph.

7    45.    Answering Paragraph 45 of the SAC, Defendants deny each and every allegation in

8    said Paragraph.

9    46.    Answering Paragraph 46 of the SAC, Defendants deny each and every allegation in

10   said Paragraph.

11   47.    Answering Paragraph 47 of the SAC, Defendants admit that Plaintiff Guitron

12   requested a meeting with Diana Brandenburg and that Ms. Brandenburg met with Plaintiff Guitron

13   in November 2009.  Defendants also admit that Plaintiff Guitron raised various concerns to Ms.

14   Brandenburg at that meeting.  Except as so admitted, Defendants deny each and every allegation

15   in Paragraph 47.

16   48.    Answering Paragraph 48 of the SAC, Defendants deny each and every allegation in

17   said Paragraph.

18   49.    Answering Paragraph 49 of the SAC, Defendants admit that Corina Zavaleta was

19   selected as the employee of the month in the St. Helena store in November 2009.  Except as so

20   admitted, Defendants deny each and every allegation in Paragraph 49.

21   50.    Answering Paragraph 50 of the SAC, Defendants admit that Diana Brandenburg

22   met with Plaintiff Guitron on November 13, 2009, to address concerns raised by Plaintiff Guitron.

23   Except as so admitted, Defendants deny each and every allegation in Paragraph 50.

24   51.    Answering Paragraph 51 of the SAC, Defendants deny each and every allegation in

25   said Paragraph.

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-9-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

52.     Answering Paragraph 52 of the SAC, Defendants admit that Greg Morgan met with Plaintiff Guitron regarding her concerns and that he was aware that she had concerns at the time of their meeting.  Except as so admitted, Defendants deny each and every allegation in Paragraph 52.

53.     Answering Paragraph 53 of the SAC, Defendants deny each and every allegation in said Paragraph.

54.     Answering Paragraph 54 of the SAC, Defendants admit that, on or about December 14, 2009, there was a telephone conference attended by Ms. Rubio, Damian Brown and Plaintiff Guitron regarding Mary Crisp.  Defendants also admit that, during that telephone conference, Plaintiff Guitron asked Mr. Brown whether Ms. Rubio needed to attend the telephone conference and whether Mr. Brown could meet her in person.  Defendants further admit that Plaintiff Guitron sent Mr. Brown an e-mail following the telephone conference.  Except as so admitted, Defendants deny each and every allegation in Paragraph 54.

55.     Answering Paragraph 55 of the SAC, Defendants admit that Plaintiff Guitron sent Ms. Rubio an e-mail on December 26, 2009, and that Ms. Rubio sent Plaintiff Guitron an e-mail on January 2, 2010.  Except as so admitted, Defendants deny each  and every allegation in Paragraph 55.

56.     Answering Paragraph 56 of the SAC, Defendants admit that the St. Helena store hosted a "friends and family day" on or about January 2, 2010.  Except as so admitted, Defendants deny each and every allegation in Paragraph 56.

        **iii.     Guitron's Termination**

57.     Answering Paragraph 57 of the SAC, Defendants admit that, in 2009, as part of a new Wells Fargo Bank initiative, Ms. Rubio, like other Wells Fargo Bank Store Managers, began calling each customer that had transacted any business with any banker at her store within 24 hours of the customer's visit to confirm that each customer had a great experience.  Except as so admitted, Defendants deny each and every allegation in Paragraph 57.

58.     Answering Paragraph 58 of the SAC, Defendants admit that Jodi Jacques, a Wells Fargo Bank Human Resources Consultant, met with Plaintiff Guitron, as well as other St. Helena

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-10-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1    store team members, on January 12, 2010, to conduct a climate survey of the working

2    environment at the St. Helena store.  Defendants also admit that, at that meeting, Plaintiff Guitron

3    raised concerns regarding banking practices she claimed to have observed at the St. Helena store,

4    as well as her perceptions regarding Wells Fargo Bank's response to her concerns.  Except as so

5    admitted, Defendants deny each  and every allegation in Paragraph 58.

6          59.     Answering Paragraph 59 of the SAC, Defendants admit that Jodi Jacques discussed

7    focusing on how she performed her responsibilities with Plaintiff Guitron.  Except as so admitted,

8    Defendants deny each and every allegation in Paragraph 59.

9          60.     Answering Paragraph 60 of the SAC, Defendants admit that Susan Eagles-Williams

10   was copied on an e-mail from Plaintiff Guitron to Diana Brandenburg on January 15, 2010.

11   Except as so admitted, Defendants deny each and every allegation in Paragraph 60.

12         61.     Answering Paragraph 61 of the SAC, Defendants admit that Susan Eagles-Williams

13   sent Plaintiff Guitron an e-mail on January 26, 2010, asking to schedule a time to speak with her.

14   Except as so admitted, Defendants deny each and every allegation in Paragraph 61.

15         62.     Answering Paragraph 62 of the SAC, Defendants admit that, on January 26, 2010,

16   Ms. Rubio requested to meet with Plaintiff Guitron for a coaching session.  Defendants also admit

17   that Plaintiff Guitron asked that either Felix Fernandez or Greg Morgan be present during their

18   meeting.  Except as so admitted, Defendants deny each and every allegation in Paragraph 62.

19         63.     Answering Paragraph 63 of the SAC, Defendants admit that Ms. Rubio asked

20   Plaintiff Guitron on January 27, 2010, to attend a meeting with her and Isook Park.  Defendants

21   also admit that Plaintiff Guitron asked that either Felix Fernandez or Greg Morgan attend that

22   meeting.  Defendants further admit that Ms. Rubio responded that Mr. Fernandez and Mr. Morgan

23   would not attend, but that another manager, Isook Park, would be present.  Defendants further

24   admit that Plaintiff Guitron was placed on administrative leave on January 27, 2010, and asked to

25   turn in her keys and leave the St. Helena store.  Defendants additionally admit that Ms. Park and

26   supervised Plaintiff Guitron taking some items from her desk and that Ms. Rubio escorted Plaintiff

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP      812309.03/SF                                     -11-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1  Guitron out of the store.  Except as so admitted, Defendants deny each and every allegation in

2  Paragraph 63.

3       64.     Answering Paragraph 64 of the SAC, Defendants admit that Hale Walker, District

4  Manager for the Redwood Vineyard district, which includes the St. Helena store, sent Plaintiff

5  Guitron a memorandum dated January 29, 2010, that explained that Plaintiff Guitron had not been

6  terminated on January 27, 2010, but placed on administrative leave.  Defendants also admit that

7  Ms. Walker sent Plaintiff Guitron a letter dated February 12, 2010, which explained that, due to

8  Plaintiff Guitron's failure to respond to Ms. Walker's various attempts to meet with her or to return

9  to work over the previous two weeks, Wells Fargo Bank deemed Plaintiff Guitron to have

10 abandoned her job and, therefore, processed her voluntary resignation effective February 11, 2010.

11 Except as so admitted, Defendants deny each and every allegation in Paragraph 64.

12      65.     Answering Paragraph 65 of the SAC, Defendants are without sufficient knowledge

13 or information to form a belief as to the truth of any of the allegations in this Paragraph and, on

14 that basis, deny each and every allegation in Paragraph 65.

15      66.     Answering Paragraph 66 of the SAC, Defendants deny each and every allegation in

16 said Paragraph.

17           **iv.     Guitron's Administrative Remedies Have Been Exhausted**

18      67.     Answering Paragraph 67 of the SAC, Defendants admit that Plaintiffs have

19 attached as Exhibit A to the SAC both an EEOC Charge of Discrimination against Wells Fargo

20 Bank on behalf of Plaintiff Guitron and a Notice of Right to Sue to Plaintiff Guitron.  Except as so

21 admitted, Defendants are without sufficient knowledge or information to form a belief as to the

22 truth of any of the remaining allegations in this Paragraph and, on that basis, deny each and every

23 remaining allegation in Paragraph 67.

24      68.     Answering Paragraph 68 of the SAC, Defendants admit that Plaintiffs have

25 attached as Exhibit B to the SAC a DFEH Complaint of Discrimination against Wells Fargo Bank

26 by Plaintiff Guitron, dated June 18, 2010, and a related Notice of Case Closure to Plaintiff

27 Guitron, dated June 18, 2010.  Defendants also admit that Plaintiffs have attached as Exhibit B to

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF                                        -12-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1   the SAC a DFEH Complaint of Discrimination against Ms. Rubio by Plaintiff Guitron, dated June

2   18, 2010, and a related Notice of Case Closure to Plaintiff Guitron, dated June 18, 2010.  Except

3   as so admitted, Defendants are without sufficient knowledge or information to form a belief as to

4   the truth of any of the remaining allegations in this Paragraph and, on that basis, deny each and

5   every remaining allegation in Paragraph 68.

6        69.     Answering Paragraph 69 of the SAC, Defendants admit that Plaintiff Guitron has

7   filed a complaint with the Department of Labor ("DOL") against Wells Fargo Bank purportedly

8   under Section 206 of the Sarbanes-Oxley Act.  Defendants deny that Plaintiff Guitron's complaint

9   with the DOL is attached as Exhibit C to the SAC.  Except as so admitted and/or denied,

10  Defendants are without sufficient knowledge or information to form a belief as to the truth of any

11  of the remaining allegations in this Paragraph and, on that basis, deny each and every remaining

12  allegation in Paragraph 69.

13       C.     **Factual Allegations Pertaining to Klosek**

14              i.      **General Background**

15       70.     Answering Paragraph 70 of the SAC, Defendants are without sufficient knowledge

16  or information to form a belief as to the truth of any of the allegations in this Paragraph and, on

17  that basis, deny each and every allegation in Paragraph 70.

18       71.     Answering Paragraph 71 of the SAC, Defendants admit that Plaintiff Klosek started

19  her employment with Wells Fargo Bank as a Licensed Personal Banker 2 at its Sonoma store.

20  Defendants also admit that, among other duties, Plaintiff Klosek provided various services to

21  Wells Fargo Banks' customers, including opening new accounts and servicing accounts and loans.

22  Except as so admitted, Defendants deny each and every allegation in Paragraph 71.

23       72.     Answering Paragraph 72 of the SAC, Defendants admit that Plaintiff Klosek

24  transferred to Wells Fargo Bank's St. Helena store in June 2009 as a Licensed Personal Banker 2.

25  Except as so admitted, Defendants deny each and every allegation in Paragraph 72.

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-13-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1    73.    Answering Paragraph 73 of the SAC, Defendants admit that, as a Licensed

2  Personal Banker 2, Plaintiff Klosek had a goal of 5.5 Daily Solutions per day.  Except as so

3  admitted, Defendants deny each and every allegation in Paragraph 73.

4    74.    Answering Paragraph 74 of the SAC, Defendants deny each and every allegation in

5  said Paragraph, which asserts that Klosek's performance was excellent.

6    75.    Answering Paragraph 75 of the SAC, Defendants admit that Plaintiff Klosek was

7  on a medical leave of absence from November 2008 to February 2009.  Except as so admitted,

8  Defendants deny each and every allegation in Paragraph 75.

9         ii.    **Unlawful Practices Witnessed by Klosek**

10    76.    Answering Paragraph 76 of the SAC, Defendants deny each and every allegation in

11  said Paragraph.

12    77.    Answering Paragraph 77, Defendants deny each and every allegation in said

13  Paragraph.

14    78.    Answering Paragraph 78 of the SAC, Defendants deny each and every allegation in

15  said Paragraph.

16    79.    Answering Paragraph 79 of the SAC, Defendants deny each and every allegation in

17  said Paragraph.

18    80.    Answering Paragraph 80 of the SAC, Defendants deny each and every allegation in

19  said Paragraph.

20    81.    Answering Paragraph 81 of the SAC, Defendants deny each and every allegation in

21  said Paragraph.

22    82.    Answering Paragraph 82 of the SAC, Defendants deny each and every allegation in

23  said Paragraph.

24    83.    Answering Paragraph 83 of the SAC, Defendants deny each and every allegation in

25  said Paragraph.

26    84.    Answering Paragraph 84 of the SAC, Defendants deny each and every allegation in

27  said Paragraph.

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP        812309.03/SF                    -14-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

85.     Answering Paragraph 85 of the SAC, Defendants deny each and every allegation in said Paragraph.

86.     Answering Paragraph 86 of the SAC, Defendants deny each and every allegation in said Paragraph.

87.     Answering Paragraph 87 of the SAC, Defendants admit that Plaintiff Klosek sent Ms. Rubio an e-mail on or about September 4, 2009, regarding Ms. Zavaleta.  Except as so admitted, Defendants deny each and every allegation in Paragraph 87.

88.     Answering Paragraph 88 of the SAC, Defendants admit that, in or about October 2009, Ms. Rubio met with Plaintiff Klosek in the vault at the St. Helena store.  Except as so admitted, Defendants deny each and every allegation in Paragraph 88.

89.     Answering Paragraph 89 of the SAC, Defendants deny each and every allegation in said Paragraph.

90.     Answering Paragraph 90 of the SAC, Defendants deny each and every allegation in said Paragraph.

91.     Answering Paragraph 91 of the SAC, Defendants deny each and every allegation in said Paragraph.

92.     Answering Paragraph 92 of the SAC, Defendants deny each and every allegation in said Paragraph.

93.     Answering Paragraph 93 of the SAC, Defendants deny each and every allegation in said Paragraph.

94.     Answering Paragraph 94 of the SAC, Defendants admit that Ms. Rubio gave Plaintiff Klosek a performance review, during which Ms. Rubio confirmed that Plaintiff Klosek, like all other Personal Bankers, was responsible for meeting her minimum sales goals.  Defendants also admit that Ms. Rubio gave Plaintiff Klosek a verbal warning for failing to meet her minimum sales goals.  Except as so admitted, Defendants deny each and every allegation in Paragraph 94.

95.     Answering Paragraph 95 of the SAC, Defendants deny each and every allegation in said Paragraph.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-15-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

96.     Answering Paragraph 96 of the SAC, Defendants admit that Wells Fargo Bank's St. Helena store held a "friends and family day" on January 2, 2010.  Except as so admitted, Defendants deny each and every allegation in Paragraph 96.

97.     Answering Paragraph 97 of the SAC, Defendants admit that Aurelio Hurtado, a Wells Fargo Bank Human Resources Consultant, met with Plaintiff Klosek, as well as other St. Helena store team members, on January 12, 2010, to conduct a climate survey of the working environment at the St. Helena store.  Except as so admitted, Defendants deny each  and every allegation in Paragraph 97.

98.     Answering Paragraph 98 of the SAC, Defendants admit that Jodi Takahashi interviewed Plaintiff Klosek in or around mid-January 2010 regarding an allegation of potential fraudulent activity.  Defendants also admit that Plaintiff Klosek raised a concern regarding retaliation to Ms. Takahashi.  Except as so admitted, Defendants deny each and every allegation in Paragraph 98.

99.     Answering Paragraph 99 of the SAC, Defendants admit that Susan Eagles-Williams met with Plaintiff Klosek on February 5, 2010, and that Plaintiff Klosek raised concerns about Ms. Rubio in that meeting.  Except as so admitted, Defendants deny each and every allegation in Paragraph 99.

100.    Answering Paragraph 100 of the SAC, Defendants admit that Ms. Rubio and Hale Walker met with Plaintiff Klosek on February 22, 2010, and that they asked Plaintiff Klosek to turn in her keys because they were placing her on administrative leave.  Except as so admitted, Defendants deny each and every allegation in Paragraph 100.

101.    Answering Paragraph 101 of the SAC, Defendants admit that Plaintiff Klosek returned to work from administrative leave on March 3, 2010.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that customers told Plaintiff Klosek that Wells Fargo Bank told them that she was not returning.  Except as so admitted, Defendants deny each and every allegation in Paragraph 101.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-16-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1    102.   Answering Paragraph 102 of the SAC, Defendants admit that Plaintiff Klosek was

2    informed on or about March 9, 2010, that Wells Fargo Bank would investigate her concerns.

3    Except as so admitted, Defendants deny each and every allegation in Paragraph 102.

4    103.   Answering Paragraph 103 of the SAC, Defendants deny each and every allegation

5    in said Paragraph.

6    104.   Answering Paragraph 104 of the SAC, Defendants admit that Deborah Cook's

7    investigation revealed that no policies were violated.  Except as so admitted, Defendants deny

8    each and every allegation in Paragraph 104.

9    105.   Answering Paragraph 105 of the SAC, Defendants deny each and every allegation

10   in said Paragraph.

11   106.   Answering Paragraph 106 of the SAC, Defendants deny each and every allegation

12   in said Paragraph.

13   107.   Answering Paragraph 107 of the SAC, Defendants deny each and every allegation

14   in said Paragraph.

15                    **iii.    Klosek's Leave of Absence and Her Wrongful Termination**

16   108.   Answering Paragraph 108 of the SAC, Defendants admit that Plaintiff Klosek took

17   a medical leave of absence beginning on May 14, 2010, through the present.  Defendants are

18   without sufficient knowledge or information to form a belief as to the truth of the allegations that

19   Plaintiff Klosek went to the emergency room with chest pains on May 14, 2010, and that she was

20   diagnosed with acute stress and suffered anxiety.  Except as so admitted, Defendants deny each

21   and every allegation in Paragraph 108.

22   109.   Answering Paragraph 109 of the SAC, Defendants are without sufficient

23   knowledge or information to form a belief as to the truth of the allegations that, while on her

24   medical leave of absence for stress and anxiety, in or around the end of June 2010, Plaintiff

25   Klosek was diagnosed with breast cancer and that she was required to undergo radiation treatment

26   and surgery to remove and control the cancerous mass.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-17-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

110.   Answering Paragraph 110 of the SAC, Defendants admit that, on July 6, 2010, Plaintiff Klosek sent an e-mail to various Wells Fargo Bank employees, including Hale Walker, Susan Eagles-Williams, Greg Morgan, and Felix Fernandez, as well as an employee with Liberty Mutual, in which she stated, among other things, that she was diagnosed with cancer, that her doctors anticipated that she would not be able to return to work for about two months, and inquired what she would have to do in terms of protecting her job and medical benefits.  Except as so admitted, Defendants deny each and every allegation in Paragraph 110.

111.   Answering Paragraph 111 of the SAC, Defendants admit that Susan Eagles-Williams responded on July 6, 2010, via e-mail to Plaintiff Klosek's e-mail of the same date, stating, among other things, that Wells Fargo Bank's Leave Management department and Liberty Mutual would provide Plaintiff Klosek with information regarding the questions she raised in her July 6 e-mail and that Plaintiff Klosek could contact her if she had any other questions. Defendants also admit that Plaintiff Klosek requested to extend her medical leave of absence. Except as so admitted, Defendants deny each and every allegation in Paragraph 111.

112.   Answering Paragraph 112 of the SAC, Defendants admit that Wells Fargo Bank's Leave Management department sent Plaintiff Klosek a letter, dated July 9, 2010, which informed her, among other things, that Liberty Life Assurance Company of Boston had approved her claim for Short Term Disability benefits beginning May 14, 2010 through June 28, 2010.  Defendants also admit that this letter stated that if Plaintiff Klosek anticipated that her condition would continue beyond June 28, 2010, that her health care provider had to submit additional medical information to Liberty Life Assurance Company of Boston.  Except as so admitted, Defendants deny each and every allegation in Paragraph 112.

113.   Answering Paragraph 113 of the SAC, Defendants deny each and every allegation in said Paragraph.

114.   Answering Paragraph 114 of the SAC, Defendants admit that Wells Fargo Bank's Leave Management department provided Plaintiff Klosek with a letter dated July 29, 2010, which informed her that she had exhausted her 12 work weeks of Family and Medical Leave Act

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-18-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1  protection effective July 21, 2010.  Except as so admitted, Defendants deny each and every

2  allegation in Paragraph 114.

3       115.    Answering Paragraph 115 of the SAC, Defendants admit that Wells Fargo Bank's

4  Leave Management department notified Plaintiff Klosek on July 30 that it had sent her the

5  approval notice from Liberty that approved her Short Term Disabilities benefits through August 8,

6  2010.  Defendants also admit that Wells Fargo Bank's Leave Management department sent

7  Plaintiff Klosek a letter, dated August 6, 2010, which informed her, among other things, that

8  Liberty Life Assurance Company of Boston had approved her claim for Short Term Disability

9  benefits beginning May 14, 2010 through August 31, 2010.  Defendants further admit that Wells

10  Fargo Bank's Leave Management department sent Plaintiff Klosek a letter, dated September 1,

11  2010, which informed her, among other things, that Liberty Life Assurance Company of Boston

12  had approved her claim for Short Term Disability benefits beginning May 14, 2010 through

13  September 30, 2010.  Except as so admitted, Defendants deny each and every allegation in

14  Paragraph 115.

15       116.    Answering Paragraph 116 of the SAC, Defendants admit that, in or around

16  September 9, 2010, while Plaintiff Klosek was on a medical leave, Hale Walker informed her,

17  among other things, that, due to business needs, Well Fargo Bank would attempt to fill her

18  position beginning September 13, 2010, and, if her position was filled when she was given

19  medical clearance to return, that Wells Fargo Bank would provide her with a period of time, as

20  well as assistance, to search for other vacant positions within Wells Fargo Bank for which she

21  might qualify.  Except as so admitted, Defendants deny each and every allegation in Paragraph

22  116.

23       117.    Answering Paragraph 117 of the SAC, Defendants deny each and every allegation

24  in said Paragraph.

25       118.    Answering Paragraph 118 of the SAC, Defendants admit that, in September 2010,

26  Plaintiff Klosek wrote a letter addressed to Hale Walker, in which she asked that Wells Fargo

27  Bank withdraw the job posting for her position and leave her position vacant and open until she

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-19-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1  was able to return to work, and expressed her opinion that she did not believe she was being

2  replaced for legitimate business needs, but for retaliatory and discriminatory reasons.   Except as

3  so admitted, Defendants deny each and every allegation in Paragraph 118.

4       119.   Answering Paragraph 119 of the SAC,  Defendants admit that, in or around

5  December 20, 2010, Plaintiff Klosek sent an e-mail to Pam Rubio, Hale Walker, Wells Fargo

6  Bank's Leave Management department and Susan Eagles-Williams, in which she advised them

7  that her doctors had extended her leave of absence to February 1, 2011, but that she expected to be

8  released to return to work at that time, and that she planned to return to work in her position.

9  Except as so admitted, Defendants deny each and every allegation in Paragraph 119.

10       120.   Answering Paragraph 120 of the SAC, Defendants deny each and every allegation

11  in said Paragraph.

12       121.   Answering Paragraph 121 of the SAC, Defendants admit that, on or about February

13  25, 2011, Plaintiff Klosek notified Wells Fargo Bank's Leave Management department that her

14  doctors had cleared her to return to work with no restrictions beginning March 1, 2011.

15  Defendants also admit that Plaintiff Klosek previously had requested to return to work in the

16  position she held when she began her leave on May 14, 2010.  Except as so admitted, Defendants

17  deny each and every allegation in Paragraph 121.

18       122.   Answering Paragraph 122 of the SAC, Defendants admit that, on or about February

19  25, 2011, Hale Walker informed Plaintiff Klosek via e-mail that her position at the St. Helena

20  store had been filled and that she would be placed on a job search leave for up to ninety days,

21  during which time she would receive assistance from Human Resources to search for a vacant

22  position for which she might qualify.  Except as so admitted, Defendants deny each and every

23  allegation in Paragraph 122.

24       123.   Answering Paragraph 123 of the SAC, Defendants admit that Plaintiff Klosek has

25  not found a position with Wells Fargo Bank since being cleared to return to work without any

26  restrictions.  Except as so admitted, Defendants deny each and every allegation in Paragraph 123.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP          812309.03/SF                                      -20-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1     124.    Answering Paragraph 124 of the SAC, Defendants deny each and every allegation in

2    said Paragraph.

3     125.    Answering Paragraph 125 of the SAC, Defendants deny each and every allegation

4    in said Paragraph.

5            **iv.**     **Klosek's Administrative Remedies Have Been Exhausted**

6     126.    Answering Paragraph 126 of the SAC, Defendants admit that Plaintiffs have

7    attached as Exhibit C to the SAC both an EEOC Charge of Discrimination against Wells Fargo

8    Bank on behalf of Plaintiff Klosek and a Notice of Right to Sue to Plaintiff Klosek.  Defendants

9    deny that the aforementioned documents are attached as Exhibit D to the SAC.  Except as so

10    admitted or denied, Defendants are without sufficient knowledge or information to form a belief as

11    to the truth of any of the remaining allegations in this Paragraph and, on that basis, deny each and

12    every remaining allegation in Paragraph 126.

13     127.    Answering Paragraph 127 of the SAC, Defendants admit that Plaintiffs have

14    attached as Exhibit D to the SAC a DFEH Complaint of Discrimination against Wells Fargo Bank

15    by Plaintiff Klosek, dated April 24, 2010, and a related Notice of Case Closure to Plaintiff

16    Guitron, dated April 24, 2010.  Defendants also admit that Plaintiffs have attached as Exhibit D to

17    the SAC a DFEH Complaint of Discrimination against Ms. Rubio by Plaintiff Klosek, dated April

18    24, 2010, and a related Notice of Case Closure to Plaintiff Klosek, dated April 24, 2010.

19    Defendants deny that the aforementioned documents are attached as Exhibit E to the SAC.  Except

20    as so admitted or denied, Defendants are without sufficient knowledge or information to form a

21    belief as to the truth of any of the remaining allegations in this Paragraph and, on that basis, deny

22    each and every remaining allegation in Paragraph 127.

23     128.    Answering Paragraph 128 of the SAC, Defendants deny that Plaintiffs have

24    attached as Exhibit F to the SAC an additional DFEH Complaint of Discrimination against Wells

25    Fargo Bank by Plaintiff Klosek and a related Notice of Case Closure to Plaintiff Klosek that is

26    dated March 30, 2011.  Except as so admitted or denied, Defendants are without sufficient

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
812309.03/SF
-21-
Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1 | knowledge or information to form a belief as to the truth of any of the remaining allegations in this

2 | Paragraph and, on that basis, deny each and every remaining allegation in Paragraph 128.

3 |       129.   Answering Paragraph 129 of the SAC, Defendants admit that Plaintiff Klosek has

4 | filed a complaint with the Department of Labor ("DOL") against Wells Fargo Bank purportedly

5 | under Section 206 of the Sarbanes-Oxley Act.  Defendants deny that Plaintiff Klosek's complaint

6 | with the DOL is attached as Exhibit C to the SAC.  Except as so admitted and/or denied,

7 | Defendants are without sufficient knowledge or information to form a belief as to the truth of any

8 | of the remaining allegations in this Paragraph and, on that basis, deny each and every remaining

9 | allegation in Paragraph 129.

**FIRST CAUSE OF ACTION**
**Retaliation in Violation of Sarbanes-Oxley §1514A**
**(Asserted by Plaintiffs Against Wells Fargo)**

12 |       130.   Answering Paragraph 130 of the SAC, Defendants incorporate by reference their

13 | admissions and/or denials stated above in response to Paragraphs 1-129.

14 |       131.   Answering Paragraph 131 of the SAC, Defendants deny that Wells Fargo & Co.

15 | was an employer of Plaintiffs.

16 |       132.   Answering Paragraph 132 of the SAC, Defendants deny each and every allegation

17 | in said Paragraph.

18 |       133.   Answering Paragraph 133 of the SAC, Defendants admit that Plaintiffs were

19 | employees of Wells Fargo Bank.  Except as so admitted, Defendants deny each and every

20 | allegation in Paragraph 133.

21 |       134.   Answering Paragraph 134 of the SAC, Defendants deny each and every allegation

22 | in said Paragraph.

23 |       135.   Answering Paragraph 135 of the SAC, Defendants deny each and every allegation

24 | in said Paragraph.

25 |       136.   Answering Paragraph 136 of the SAC, Defendants deny each and every allegation

26 | in said Paragraph.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-22-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1    137.   Answering Paragraph 137 of the SAC, Defendants deny each and every allegation

2    in said Paragraph.

3    138.   Answering Paragraph 138 of the SAC, Defendants deny each and every allegation

4    in said Paragraph.

5    139.   Answering Paragraph 139 of the SAC, Defendants deny each and every allegation

6    in said Paragraph.

7    140.   Answering Paragraph 140 of the SAC, Defendants deny each and every allegation

8    in said Paragraph.

9    141.   Answering Paragraph 141 of the SAC, Defendants deny each and every allegation

10   in said Paragraph.

11                            **SECOND CAUSE OF ACTION**
                  **Wrongful Discharge in Violation of Public Policy**
12                               **COUNT ONE**
                  **(Asserted by Guitron Against Wells Fargo)**
13

14   142.   Answering Paragraph 142 of the SAC, Defendants incorporate by reference their

     admissions and/or denials stated above in response to Paragraphs 1-129.
15
     143.   Answering Paragraph 143 of the SAC, the allegations in said Paragraph constitute
16
     legal arguments or state legal conclusions to which no response is now required.  To the extent a
17
     response is required, Defendants deny each and every allegation contained in Paragraph 143.
18
     144.   Answering Paragraph 144 of the SAC, the allegations in said Paragraph constitute
19
     legal arguments or state legal conclusions to which no response is now required.  To the extent a
20
     response is required, Defendants deny each and every allegation contained in Paragraph 144.
21
     145.   Answering Paragraph 145 of the SAC, Defendants deny each and every allegation
22
     in said Paragraph.
23
     146.   Answering Paragraph 146 of the SAC, Defendants deny each and every allegation
24
     in said Paragraph.
25
     147.   Answering Paragraph 147 of the SAC, Defendants deny each and every allegation
26
     in said Paragraph.
27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-23-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

**COUNT TWO**
**(Asserted by Klosek Against Wells Fargo)**

148.    Answering Paragraph 148 of the SAC, Defendants incorporate by reference their admissions and/or denials stated above in response to Paragraphs 1-129.

149.    Answering Paragraph 149 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 149.

150.    Answering Paragraph 150 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 150.

151.    Answering Paragraph 151 of the SAC, Defendants deny each and every allegation in said Paragraph.

152.    Answering Paragraph 152 of the SAC, Defendants deny each and every allegation in said Paragraph.

153.    Answering Paragraph 153 of the SAC, Defendants deny each and every allegation in said Paragraph.

**THIRD CAUSE OF ACTION**
**Discrimination in Violation of Title VII**
**COUNT ONE**
**(Asserted by Guitron Against Wells Fargo)**

154.    Answering Paragraph 154 of the SAC, Defendants incorporate by reference their admissions and/or denials stated above in response to Paragraphs 1-129.

155.    Answering Paragraph 155 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 155.

156.    Answering Paragraph 156 of the SAC, Defendants deny each and every allegation in said Paragraph.

157.    Answering Paragraph 157 of the SAC, Defendants deny each and every allegation in said Paragraph.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-24-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

158.     Answering Paragraph 158 of the SAC, Defendants deny each and every allegation in said Paragraph.

159.     Answering Paragraph 159 of the SAC, Defendants deny each and every allegation in said Paragraph.

## COUNT TWO
### (Asserted by Klosek Against Wells Fargo)

160.     Answering Paragraph 160 of the SAC, Defendants incorporate by reference their admissions and/or denials stated above in response to Paragraphs 1-129.

161.     Answering Paragraph 161 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 161.

162.     Answering Paragraph 162 of the SAC, Defendants deny each and every allegation in said Paragraph.

163.     Answering Paragraph 163 of the SAC, Defendants deny each and every allegation in said Paragraph.

164.     Answering Paragraph 164 of the SAC, Defendants deny each and every allegation in said Paragraph.

165.     Answering Paragraph 165 of the SAC, Defendants deny each and every allegation in said Paragraph.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of Title VII
## COUNT ONE
### (Asserted by Guitron Against Wells Fargo)

166.     Answering Paragraph 166 of the SAC, Defendants incorporate by reference their admissions and/or denials stated above in response to Paragraphs 1-129.

167.     Answering Paragraph 167 of the SAC, Defendants deny each and every allegation in said Paragraph.

168.     Answering Paragraph 168 of the SAC, Defendants deny each and every allegation in said Paragraph.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-25-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1    169.    Answering Paragraph 169 of the SAC, the allegations in said Paragraph constitute

2  legal arguments or state legal conclusions to which no response is now required.  To the extent a

3  response is required, Defendants deny each and every allegation contained in Paragraph 169.

4    170.    Answering Paragraph 170 of the SAC, Defendants deny each and every allegation

5  in said Paragraph.

6    171.    Answering Paragraph 171 of the SAC, Defendants deny each and every allegation

7  in said Paragraph.

8    172.    Answering Paragraph 172 of the SAC, Defendants deny each and every allegation

9  in said Paragraph.

10                          **COUNT TWO**
                  **(Asserted by Klosek Against Wells Fargo)**
11

12    173.    Answering Paragraph 173 of the SAC, Defendants incorporate by reference their

admissions and/or denials stated above in response to Paragraphs 1-129.
13

14    174.    Answering Paragraph 174 of the SAC, Defendants deny each and every allegation

15  in said Paragraph.

16    175.    Answering Paragraph 175 of the SAC, Defendants deny each and every allegation

17  in said Paragraph.

18    176.    Answering Paragraph 176 of the SAC, the allegations in said Paragraph constitute

19  legal arguments or state legal conclusions to which no response is now required.  To the extent a

20  response is required, Defendants deny each and every allegation contained in Paragraph 176.

21    177.    Answering Paragraph 177 of the SAC, Defendants deny each and every allegation

22  in said Paragraph.

23    178.    Answering Paragraph 178 of the SAC, Defendants deny each and every allegation

24  in said Paragraph.

25    179.    Answering Paragraph 179 of the SAC, Defendants deny each and every allegation

26  in said Paragraph.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-26-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

**FOURTH CAUSE OF ACTION**
**Failure to Prevent Discriminatory Practices in Violation of Title VII**
**COUNT ONE**
**(Asserted by Guitron against Wells Fargo)**

180.     Answering Paragraph 180 of the SAC, Defendants incorporate by reference their admissions and/or denials stated above in response to Paragraphs 1-129.

181.     Answering Paragraph 181 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 181.

182.     Answering Paragraph 182 of the SAC, Defendants deny each and every allegation in said Paragraph.

183.     Answering Paragraph 183 of the SAC, Defendants deny each and every allegation in said Paragraph.

184.     Answering Paragraph 184 of the SAC, Defendants deny each and every allegation in said Paragraph.

185.     Answering Paragraph 185 of the SAC, Defendants deny each and every allegation in said Paragraph.

186.     Answering Paragraph 186 of the SAC, Defendants deny each and every allegation in said Paragraph.

**COUNT TWO**
**(Asserted by Klosek Against Wells Fargo)**

187.     Answering Paragraph 187 of the SAC, Defendants incorporate by reference their admissions and/or denials stated above in response to Paragraphs 1-129.

188.     Answering Paragraph 188 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 188.

189.     Answering Paragraph 189 of the SAC, Defendants deny each and every allegation in said Paragraph.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-27-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1    190.    Answering Paragraph 190 of the SAC, Defendants deny each and every allegation

2  in said Paragraph.

3    191.    Answering Paragraph 191 of the SAC, Defendants deny each and every allegation

4  in said Paragraph.

5    192.    Answering Paragraph 192 of the SAC, Defendants deny each and every allegation

6  in said Paragraph.

7    193.    Answering Paragraph 193 of the SAC, Defendants deny each and every allegation

8  in said Paragraph.

9  **FIFTH CAUSE OF ACTION**
**Discrimination in Violation of Gov't Code §12945**

10  **COUNT ONE**
**(Asserted by Guitron Against Wells Fargo)**

11

12    194.    Answering Paragraph 194 of the SAC, Defendants incorporate by reference their

admissions and/or denials stated above in response to Paragraphs 1-129.

13
    195.    Answering Paragraph 195 of the SAC, the allegations in said Paragraph constitute

14  legal arguments or state legal conclusions to which no response is now required.  To the extent a

15  response is required, Defendants deny each and every allegation contained in Paragraph 195.

16    196.    Answering Paragraph 196 of the SAC, Defendants deny each and every allegation

17  in said Paragraph.

18    197.    Answering Paragraph 197 of the SAC, Defendants deny each and every allegation

19  in said Paragraph.

20    198.    Answering Paragraph 198 of the SAC, Defendants deny each and every allegation

21  in said Paragraph.

22    199.    Answering Paragraph 199 of the SAC, Defendants deny each and every allegation

23  in said Paragraph.

24  **COUNT TWO**
**(Asserted by Klosek Against Wells Fargo)**

25

26    200.    Answering Paragraph 200 of the SAC, Defendants incorporate by reference their

27  admissions and/or denials stated above in response to Paragraphs 1-129.

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-28-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

201.    Answering Paragraph 201 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 201.

202.    Answering Paragraph 202 of the SAC, Defendants deny each and every allegation in said Paragraph.

203.    Answering Paragraph 203 of the SAC, Defendants deny each and every allegation in said Paragraph.

204.    Answering Paragraph 204 of the SAC, Defendants deny each and every allegation in said Paragraph.

205.    Answering Paragraph 205 of the SAC, Defendants deny each and every allegation in said Paragraph.

206.    Answering Paragraph 206 of the SAC, Defendants deny each and every allegation in said Paragraph.

**SIXTH CAUSE OF ACTION**
**Retaliation in Violation of Gov't Code §12940**
**COUNT ONE**
**(Asserted by Guitron Against Wells Fargo)**

207.    Answering Paragraph 207 of the SAC, Defendants incorporate by reference their admissions and/or denials stated above in response to Paragraphs 1-129.

208.    Answering Paragraph 208 of the SAC, Defendants deny each and every allegation in said Paragraph.

209.    Answering Paragraph 209 of the SAC, Defendants deny each and every allegation in said Paragraph.

210.    Answering Paragraph 210 of the SAC, Defendants deny each and every allegation in said Paragraph.

211.    Answering Paragraph 211 of the SAC, Defendants deny each and every allegation in said Paragraph.

212.    Answering Paragraph 212 of the SAC, Defendants deny each and every allegation in said Paragraph.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-29-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1  213.   Answering Paragraph 213 of the SAC, Defendants deny each and every allegation

2  in said Paragraph.

3  214.   Answering Paragraph 214 of the SAC, Defendants deny each and every allegation

4  in said Paragraph.

5  **COUNT TWO**
**(Asserted by Klosek Against Wells Fargo)**

6

7  215.   Answering Paragraph 215 of the SAC, Defendants incorporate by reference their

8  admissions and/or denials stated above in response to Paragraphs 1-129.

9  216.   Answering Paragraph 216 of the SAC, Defendants deny each and every allegation

10  in said Paragraph.

11  217.   Answering Paragraph 217 of the SAC, Defendants deny each and every allegation

12  in said Paragraph.

13  218.   Answering Paragraph 218 of the SAC, Defendants deny each and every allegation

14  in said Paragraph.

15  219.   Answering Paragraph 219 of the SAC, Defendants deny each and every allegation

16  in said Paragraph.

17  220.   Answering Paragraph 220 of the SAC, Defendants deny each and every allegation

18  in said Paragraph.

19  221.   Answering Paragraph 221 of the SAC, Defendants deny each and every allegation

20  in said Paragraph.

21  222.   Answering Paragraph 222 of the SAC, Defendants deny each and every allegation

22  in said Paragraph.

23  **SEVENTH CAUSE OF ACTION**
**Harassment in Violation of Gov't Code §12945**
**COUNT ONE**
**(Asserted by Guitron Against Rubio)**

24

25  223.   Answering Paragraph 223 of the SAC, Defendants incorporate by reference their

26  admissions and/or denials stated above in response to Paragraphs 1-129.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-30-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1    224.    Answering Paragraph 224 of the SAC, Defendants deny each and every allegation

2  in said Paragraph.

3    225.    Answering Paragraph 225 of the SAC, Defendants deny each and every allegation

4  in said Paragraph.

5    226.    Answering Paragraph 226 of the SAC, Defendants deny each and every allegation

6  in said Paragraph.

7    227.    Answering Paragraph 227 of the SAC, Defendants deny each and every allegation

8  in said Paragraph.

9    228.    Answering Paragraph 228 of the SAC, Defendants deny each and every allegation

10  in said Paragraph.

11    229.    Answering Paragraph 229 of the SAC, Defendants deny each and every allegation

12  in said Paragraph.

13    230.    Answering Paragraph 230 of the SAC, Defendants deny each and every allegation

14  in said Paragraph.

15                                    **COUNT TWO**
                              **(Asserted by Klosek Against Rubio)**
16

17    231.    Answering Paragraph 231 of the SAC, Defendants incorporate by reference their

     admissions and/or denials stated above in response to Paragraphs 1-129.
18

19    232.    Answering Paragraph 232 of the SAC, Defendants deny each and every allegation

     in said Paragraph.
20

21    233.    Answering Paragraph 233 of the SAC, Defendants deny each and every allegation

     in said Paragraph.
22

23    234.    Answering Paragraph 234 of the SAC, Defendants deny each and every allegation

     in said Paragraph.
24

25    235.    Answering Paragraph 235 of the SAC, Defendants deny each and every allegation

     in said Paragraph.
26

27    236.    Answering Paragraph 236 of the SAC, Defendants deny each and every allegation

     in said Paragraph.
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF                -31-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1       237.   Answering Paragraph 237 of the SAC, Defendants deny each and every allegation

2   in said Paragraph.

3       238.   Answering Paragraph 238 of the SAC, Defendants deny each and every allegation

4   in said Paragraph.

5   <div align="center">

**EIGHTH CAUSE OF ACTION**
**Failure to Prevent Discriminatory Practices in Violation of Gov't Code §12940**

6   **COUNT ONE**
**(Asserted by Guitron Against Wells Fargo)**

</div>

7

8       239.   Answering Paragraph 239 of the SAC, Defendants incorporate by reference their

admissions and/or denials stated above in response to Paragraphs 1-129.

9

10       240.   Answering Paragraph 240 of the SAC, the allegations in said Paragraph constitute

11   legal arguments or state legal conclusions to which no response is now required.  To the extent a

response is required, Defendants deny each and every allegation contained in Paragraph 240.

12

13       241.   Answering Paragraph 241 of the SAC, Defendants deny each and every allegation

in said Paragraph.

14

15       242.   Answering Paragraph 242 of the SAC, Defendants deny each and every allegation

in said Paragraph.

16

17       243.   Answering Paragraph 243 of the SAC, Defendants deny each and every allegation

in said Paragraph.

18

19       244.   Answering Paragraph 244 of the SAC, Defendants deny each and every allegation

in said Paragraph.

20

21       245.   Answering Paragraph 245 of the SAC, Defendants deny each and every allegation

in said Paragraph.

22

23   <div align="center">

**COUNT TWO**
**(Asserted by Klosek Against Wells Fargo)**

</div>

24       246.   Answering Paragraph 246 of the SAC, Defendants incorporate by reference their

25   admissions and/or denials stated above in response to Paragraphs 1-129.

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-32-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

247.   Answering Paragraph 247 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 247.

248.   Answering Paragraph 248 of the SAC, Defendants deny each and every allegation in said Paragraph.

249.   Answering Paragraph 249 of the SAC, Defendants deny each and every allegation in said Paragraph.

250.   Answering Paragraph 250 of the SAC, Defendants deny each and every allegation in said Paragraph.

251.   Answering Paragraph 251 of the SAC, Defendants deny each and every allegation in said Paragraph.

252.   Answering Paragraph 252 of the SAC, Defendants deny each and every allegation in said Paragraph.

### NINTH CAUSE OF ACTION
**Denial of Accommodation in Violation of Gov't Code §12940**
**(Asserted by Klosek Against Wells Fargo)**

253.   Answering Paragraph 253 of the SAC, Defendants incorporate by reference their admissions and/or denials stated above in response to Paragraphs 1-129.

254.   Answering Paragraph 254 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 254.

255.   Answering Paragraph 255 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 255.

256.   Answering Paragraph 256 of the SAC, the allegations in said Paragraph constitute legal arguments or state legal conclusions to which no response is now required.  To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 256.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-33-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1      257.    Answering Paragraph 257 of the SAC, Defendants deny each and every allegation

2  in said Paragraph.

3      258.    Answering Paragraph 258 of the SAC, Defendants deny each and every allegation

4  in said Paragraph.

5      259.    Answering Paragraph 259 of the SAC, Defendants deny each and every allegation

6  in said Paragraph.

7      260.    Answering Paragraph 260 of the SAC, Defendants deny each and every allegation

8  in said Paragraph.

9      261.    Answering Paragraph 261 of the SAC, Defendants deny each and every allegation

10  in said Paragraph.

11      262.    Answering Paragraph 262 of the SAC, Defendants deny each and every allegation

12  in said Paragraph.

13      In addition to their admissions and denials asserted to Plaintiffs' SAC allegations above,

14  Defendants further assert the following defenses to Plaintiffs' pled causes of action.  In asserting

15  these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of

16  law, are Plaintiffs' burden to prove.

17  <center>**DEFENSES**</center>

18  <center>**FIRST DEFENSE**</center>

19      Plaintiffs' claims are barred because each of them fails to state facts sufficient to constitute

20  a cause of action against Defendants.

21  <center>**SECOND DEFENSE**</center>

22      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not exhaust their

23  internal and/or administrative remedies in the manner required by law.

24  <center>**THIRD DEFENSE**</center>

25      Plaintiffs' claims are barred by the applicable statutes of limitations, including but not

26  limited to, California Government Code sections 12960(d) and 12965(b)-(e), Code of Civil

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-34-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1 | Procedure section 335.1, 18 United States Code section 1514A(b)(2)(D)), and 42 United States
2 | Code sections 2000e-5(e)(1) and 2000e-5(f)(1).

3 | ### FOURTH ADDITIONAL DEFENSE

4 |     Plaintiffs' claims are barred, in whole or in part, because in every employment action
5 | challenged herein, Defendants acted at all times in good faith based solely on legitimate business
6 | reasons wholly unrelated to any discriminatory, retaliatory or statutorily impermissible factors.

7 | ### FIFTH ADDITIONAL DEFENSE

8 |     Plaintiffs' claims are barred, in whole or in part, from recovery of damages because it
9 | would be unjust enrichment.

10 | ### SIXTH ADDITIONAL DEFENSE

11 |     Plaintiffs' claims are barred, in whole or in part, because their own actions and course of
12 | conduct constitute a waiver of their claims in the SAC and of each purported cause of action
13 | contained therein.

14 | ### SEVENTH ADDITIONAL DEFENSE

15 |     Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

16 | ### EIGHTH ADDITIONAL DEFENSE

17 |     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

18 | ### NINTH ADDITIONAL DEFENSE

19 |     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

20 | ### TENTH ADDITIONAL DEFENSE

21 |     Plaintiffs' claims are barred, in whole or in part, by the after-acquired evidence doctrine.

22 | ### ELEVENTH ADDITIONAL DEFENSE

23 |     Plaintiffs' claims for damages are barred, in whole or in part, by their failure to mitigate
24 | their alleged damages.

25 | ### TWELFTH ADDITIONAL DEFENSE

26 |     Plaintiffs' alleged damages are barred or offset by the avoidable consequences doctrine
27 | because Defendants exercised reasonable care to prevent and correct promptly any improper

28 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-35-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

1  behavior alleged by Plaintiffs, and Plaintiffs unreasonably failed to take advantage of the

2  preventative or corrective opportunities provided by Defendants or to otherwise avoid harm to

3  themselves.

4  **THIRTEENTH ADDITIONAL DEFENSE**

5  Any and all claims by Plaintiffs based in part or in whole upon any alleged physical or

6  emotional injury or distress arising in the course and scope of employment are barred because

7  Plaintiffs' sole and exclusive remedy, if any, for such injuries is governed by the California

8  Worker's Compensation Act.  (*See* Lab. Code § 3600 *et seq.*)

9  **FOURTEENTH ADDITIONAL DEFENSE**

10  Plaintiffs' claims are barred, in whole or in part, because if any employee of Defendants

11  committed any of the unlawful or tortious acts alleged, he or she was acting outside the scope of

12  his or her employment.

13  **FIFTEENTH ADDITIONAL DEFENSE**

14  Plaintiffs' claims are barred, in whole or in part, because Defendants had in place at all

15  applicable times policies prohibiting harassment, discrimination and retaliation and exercised

16  reasonable care to implement and enforce those policies to prevent and promptly correct any such

17  conduct.

18  **SIXTEENTH ADDITIONAL DEFENSE**

19  Plaintiffs are barred, in whole or in part, from recovering punitive damages because

20  Defendants at all times made a good faith effort to comply with the law, and any actions taken

21  with respect to Plaintiffs were done without malice, conscious disregard or reckless indifference to

22  her rights.

23  **SEVENTEENTH ADDITIONAL DEFENSE**

24  Defendants allege that the prayer for punitive damages is barred in full or in part by the

25  United States and/or California Constitutions.

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-36-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT

## EIGHTEENTH ADDITIONAL DEFENSE

Defendants are not liable for punitive damages because they did not (a) have advance knowledge of the unfitness of any employee and employ that employee with a conscious disregard of the rights and safety of others, or (b) authorize or ratify any wrongful conduct. (*See* Civ. Code § 3294(b).)

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered in favor of Defendants and against Plaintiffs and that the Second Amended Complaint be dismissed with prejudice;

2. That Defendants be awarded costs of suit;

3. That Defendants be awarded their reasonable attorneys' fees as may be determined by the Court; and

4. That the Court award such other and further relief as it deems just and proper.

Dated: March 26, 2011

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
BALDWIN J. LEE
ALEXANDER NESTOR
Attorneys for Defendants
WELLS FARGO BANK, WELLS FARGO
& CO. AND PAM RUBIO

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

812309.03/SF

-37-

Case No.  CIV-10-03461 CW
DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT