UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA GUITRON and JUDI KLOSEK, | No. C 10-3461 CW (MEJ) |
| Plaintiffs, | **DISCOVERY ORDER RE: DOCKET NO. 42** |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

Pending before the Court is the parties' joint discovery dispute letter filed on September 9, 2011. Dkt. No. 42.[1] In the joint letter, Plaintiff Yesenia Guitron seeks to quash six subpoenas served by Defendants for the production of personnel records from Bank of America, Bank of the West, OneWest Bank, Umpqua Bank, Vintage Bank, and West America Bank, which are prior employers of Guitron (the "Subpoenas"). J. Letter at 2, Dkt. No. 42. The Subpoenas all seek the same personnel records, including applications for employment and resumes, performance reviews/evaluations, disciplinary/corrective action records, investigation records concerning Guitron's conduct, termination records, and other personnel records reflecting Guitron's work performance and conduct. J. Letter, Exs. A-F.

Guitron argues that the Subpoenas are overbroad as to scope and time and seek documents protected by her right to privacy. *Id.* at 3. Specifically, she contends that the records are overbroad because they fail to specify any time frame. *Id.* She also argues that Defendants cannot establish an initial showing of relevancy to overcome her privacy interests. *Id.* at 4.

---

[1] The Court provided the factual background of this matter in its previous discovery order, filed on August 4, 2011. Dkt. No. 40.

In response, Defendants argue that the subpoenas do not ask for all of Guitron's prior employment records, but only those records directly relevant to Defendants' defenses and Guitron's claims. *Id.* at 5. Defendants state that during the parties' meet and confer process, Defendants offered to limit the scope of the subpoenas to the five-year period before Guitron commenced her employment with Wells Fargo, but she rejected their offer and, instead, moved forward with filing this letter brief. *Id.*

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 45, any party may serve a subpoena commanding a non-party to give testimony or produce documents. Fed. R. Civ. P. 45(a)(1)(C). A party that is not the recipient of a subpoena has standing to challenge the subpoena "where its challenge asserts that the information is privileged or protected to itself." *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D. Nev.1994). Federal courts expressly recognize a constitutionally-based right of privacy that can be raised in response to discovery. *Breed v. USDC, Northern District*, 542 F.2d 1114, 1116 (9th Cir. 1976). An employee's personnel records and employment information are protected by this constitutional right to privacy. *Bickley v. Schneider Nat., Inc.*, 2011 WL 1344195, at *2 (N.D. Cal. Apr. 8, 2011) (citations omitted).

To evaluate privacy objections, the Court must balance the party's need for the information against the individual's privacy right in his or her employment files. *Tierno v. Rite Aid Corp.*, 2008 WL 3287035, at *3 (N.D. Cal. Jul. 31, 2008) (internal citations omitted). First, "the claimant must have a 'legally protected privacy interest,' such as an interest in precluding dissemination of sensitive information or in making intimate personal decisions without outside intrusion; second, the claimant must have a 'reasonable expectation of privacy' founded on broadly based community norms; third, the invasion of privacy must be 'serious'; and fourth, the privacy interest must outweigh the countervailing interests, such as discovery rights." *Id.* (quoting *Pioneer Elec., Inc. v. Superior Court*, 40 Cal.4th 360, 370-73 (2007)).

2

## APPLICATION TO THE CASE AT BAR

Here, the Court finds that Guitron has a legally protected privacy right in her employment records. However, the Court notes that, as Guitron initiated this lawsuit, her privacy interest is vastly reduced. *Sirota v. Penske Truck Leasing Corp.*, 2006 WL 708910, at *2 (N.D. Cal. Mar. 17, 2006) (permitting personnel record subpoenas addressed to the plaintiff's former employers). With this in mind, Defendants maintain that the records they seek are directly relevant to: (1) establishing their after-acquired evidence defense; (2) establishing their legitimate, nondiscriminatory and non-retaliatory explanations for Guitron's alleged adverse actions; (3) Guitron's emotional distress damages; and (4) Guitron's credibility and impeachment. Jt. Letter at 6.

First, Defendants argue that it has asserted an after-acquired evidence defense, and that the information the subpoenas seek could show that Guitron committed fraud when she applied for a position with them. *Id.* Former employment records are relevant to the after-acquired evidence defense available in Title VII employment discrimination cases. *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 363 (1995). "The 'after-acquired evidence' doctrine precludes or limits an employee from receiving remedies for wrongful discharge if the employer later 'discovers' evidence of wrongdoing that would have led to the employee's termination had the employer known of the misconduct." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1071 (9th Cir. 2004) (citing *McKennon*, 513 U.S. at 360-63). "An employer can avoid backpay and other remedies by coming forward with after-acquired evidence of an employee's misconduct, but only if it can prove by a preponderance of the evidence that it would have fired the employee for that misconduct." *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 761 (9th Cir.1996). However, the Supreme Court in *McKennon* cautioned against the potential for abuse of the discovery process by employers seeking to limit their liability through an after-acquired evidence defense, noting the ability of courts to curb such abuses through the Federal Rules of Civil Procedure. 513 U.S. at 363. Some lower courts have held that the after-acquired evidence defense cannot be used to pursue discovery in the absence of some basis for believing that the after-acquired evidence of wrong-doing will be revealed. *See, e.g.*, *First v. Kia of El Cajon*, 2010 WL 3245778, at *2 (S.D. Cal. Aug. 17, 2010); *Chamberlain v.*

*Farmington Sav. Bank*, 2007 WL 2786421, at *2 (D. Conn. Sep. 25, 2007); *Maxwell v. Health Ctr. of Lake City Inc.*, 2006 WL 1627020, at *5 (M.D. Fla. Jun. 6, 2006).

In their joint letter, both parties briefly present their positions on why the after-acquired evidence defense does or does not apply. These positions confirm that the defense may or may not be permitted, and that a decision at this initial point in the proceedings is not clear-cut. For example, Guitron argues that there is no evidence that she made misrepresentations in her employment application submitted to Defendants and that, when questioned at her deposition, she testified "that she was not fired or asked to resign from prior employment, that she was not disciplined for unethical conduct or for being disruptive, and that was [sic] she was never accused of that type of conduct." *Id.* at 4. Guitron also states that she was never asked if she "committed an act of dishonest[y] or breach of trust in prior employment." *Id.* Rather, Guitron states that she was only asked if anyone ever accused her of engaging in unethical sales practices, and she responded, "No, I don't think so." *Id.* Guitron argues that Defendants failed to ask the questions they raise now "and that failure should not warrant an attempt to obtain that information through the most intrusive means – subpoenas served on every [one] of Guitron's past employer[s] for over 13 years on shear speculation." *Id.* Guitron also argues that Defendants cannot have it both ways: if they claim that she quit her job and was not terminated, than any prior wrongdoing cannot support a showing of relevancy because she was not terminated. *Id.*

Defendants, on the other hand, argue that evidence that Plaintiff had failed to reveal on her application form that she was terminated or asked to resign or subjected to disciplinary action for unethical practices at a prior banking employer certainly would constitute misconduct of such severity that Wells Fargo would have terminated her employment for that reason alone. *Id.* at 6. In support of this argument, Defendants also cite to portion of Guitron's deposition. *Id.* Namely, when asked whether her prior employers had ever accused her of engaging in unethical behavior, Guitron testified, "[y]eah, I'm not sure;" and when asked whether her prior employers ever investigated her for unethical or fraudulent activity, she responded, "[p]ossibly." *Id.* Defendants further argue that whether Wells Fargo did or did not terminate Guitron's employment is not pertinent because what

4

matters is that she claims that it did. *Id.* Specifically, Defendants argue that if a fact finder were to determine that Wells Fargo did terminate Guitron's employment, as she alleges, Defendants would be entitled to assert their after-acquired evidence of her application misrepresentations to bar or limit any liability resulting from that alleged wrongful termination. *Id.* at 6-7.

Based on these arguments, it is not clear that an after-acquired evidence defense would be futile, and this decision is not appropriate in the context of a discovery dispute. *Doyle v. Gonzales*, 2011 WL 3925045, at *5 (E.D. Cal. Sep. 7, 2011) (In matter referred for discovery, assigned magistrate judge found that the admissibility of documents for further substantive proceedings under the after-acquired evidence defense was entirely at the district court's discretion.). Further, because this defense has not been ruled upon by the presiding judge in this matter, the undersigned finds it prudent to assume that discovery relating to this defense is fair game. *Id.* at *4.

Next, Defendants argue that the records are relevant because they have asserted as a defense to Guitron's discrimination and retaliation claims that they have legitimate, non-discriminatory and non-retaliatory reasons for their alleged adverse actions. Jt. Letter at 7. As an example, Defendants state that Guitron received warnings and poor performance reviews due to her poor sales performance, not any alleged discrimination or retaliation, and that her prior employment records reflecting her performance could directly support their defense. *Id.* Defendants also argue that the records are relevant for impeachment purposes and to test Guitron's credibility. *Id.*

In response, Plaintiff asserts that her deposition testimony establishes that she was never terminated for cause, asked to resign, or disciplined. *Id.* at 4. Plaintiff also argues that whatever conduct she engaged in at a former workplace is irrelevant to the conduct she engaged in with Defendants. *Id.*

Upon review of the parties' arguments, the Court finds that Defendants' relevancy argument is a bit too generalized to support the requested discovery on relevancy grounds alone. Defendants seem unsatisfied with Guitron's testimony that she was never terminated for cause, asked to resign, or disciplined; thus, they seek her personnel records to test her credibility. It is unclear to the Court how Guitron's credibility can establish the relevancy of the requested records. However, the Court

does find that the records could be relevant for impeachment purposes. If Guitron maintains that she was never terminated for cause, asked to resign, or disciplined, it would seem that Defendants are entitled to obtain her records as confirmation. Further, in the parties' joint letter, Guitron provides no authority which establishes that Defendants are not entitled to the requested discovery for impeachment purposes. Instead, she cites two cases in which courts permitted limited discovery, and she argues that any discovery permitted here must also be narrowly drawn to ensure maximum protection of her privacy rights. The Court agrees that certain limitations are appropriate.

First, Guitron cites to *EEOC v. Vista Unified Sch. Dist.*, 2008 WL 4937000, at *2 (S.D. Cal. Nov. 17, 2008), in which the Court found that the defendant's subpoenas were overbroad as to time because they did not include any time restrictions. While the court found that the defendant's subpoenas were therefore overbroad, it subsequently allowed limited production consisting of four years of records. *Id.* Here, Defendants' subpoenas seek thirteen years of records, but Defendants subsequently offered to limit the scope of the subpoenas to the five-year period before Guitron commenced her employment with Wells Fargo. Guitron does not address Defendants' offer, and Defendants do not state why a five-year window for production is appropriate here. Accordingly, the Court finds that a reasonable compromise is to impose the same limit as the court in *Vista*, a case upon which Defendants rely in the parties' joint letter. Accordingly, the Court shall limit production from March 2004 to March 2008, the four-year period prior to when Guitron worked at the Wells Fargo St. Helena branch.

The second case to which Guitron cites is *Sirota*, 2006 WL 708910, at *2. In *Sirota*, the court found that the relevance of the subpoenaed employment records outweighed any intrusion into the plaintiff's privacy, in part because the defendant did not ask for all of the plaintiff's employment records but instead limited its request to the two most recent places of employment listed by the plaintiff on his job application. *Id.* The Court finds that this limitation is also appropriate here, where Defendants' stated reasons for the requested discovery, while relevant, are largely speculative. However, as the Court does not know whether Guitron's two previous employment positions date back to March 2004, Defendants shall be entitled to subpoena any other employer

dating back to that time to allow them to obtain four years of records.

## CONCLUSION

Based on the analysis above, the Court hereby ORDERS as follows: Defendants shall withdraw the issued subpoenas and re-issue them to obtain records from any of the employers listed above dating back to March 2004. The parties shall prepare and submit a proposed protective order for discovery in this case.

**IT IS SO ORDERED**

Dated: September 13, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge