IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA GUITRON; JUDI KLOSEK,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.; WELLS FARGO & CO.; PAM RUBIO; DOES 1-20,<br><br>　　　　Defendants.<br>_____/ | No. C 10-3461 CW<br><br>ORDER REGARDING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL<br>(Docket No. 60) |

　　On November 10, 2011, Defendants Wells Fargo Bank, N.A., Wells Fargo & Co. and Pam Rubio filed a motion seeking permission to file under seal six documents that Plaintiffs Yesenia Guitron and Judi Klosek have designated as confidential pursuant to the terms of the Protective Order in this case.

　　If a party wishes to file a document that has been designated confidential by another party, the submitting party must file and serve an Administrative Motion for a sealing order. Civil L.R. 79-5(d). The submitting party must provide adequate notice to the designating party that the submitting party is seeking to file material that the designating party believes is confidential, because within seven days after the administrative motion is filed, the designating party must file a declaration establishing that the information is sealable. Id. If the designating party does not file its responsive declaration, the document or proposed filing will be made part of the public record. Id.

1   Defendants' filings are connected to a dispositive motion.
2   To establish that the documents are sealable, as the designating
3   party, Plaintiffs "must overcome a strong presumption of access by
4   showing that 'compelling reasons supported by specific factual
5   findings . . . outweigh the general history of access and the
6   public policies favoring disclosure.'" <u>Pintos v. Pac. Creditors</u>
7   <u>Ass'n</u>, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  This
8   cannot be established simply by showing that the document is
9   subject to a protective order or by stating in general terms that
10  the material is considered to be confidential, but rather must be
11  supported by a sworn declaration demonstrating with particularity
12  the need to file each document under seal.  Civ. Local R. 79-5(a).
13   Plaintiffs have not filed a declaration in support of
14  Defendants' motion.  Accordingly, within three days of the date of
15  this order, as the party designating the material as confidential,
16  Plaintiffs shall file a declaration in support of the motion to
17  seal.  The declaration must state with particularity information
18  sufficient to establish that the documents are sealable in light
19  of Local Rule 79-5 and applicable law.
20      If Plaintiffs fail to file their responsive declaration as
21  required by Local Rule 79-5(d), the documents or proposed filings
22  will be made part of the public record.
23      IT IS SO ORDERED.

25  Dated: 11/22/2011                    _____
                                         CLAUDIA WILKEN
                                         United States District Judge