UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA GUITRON and JUDI KLOSEK, | No. C 10-3461 CW (MEJ) |
| Plaintiffs, | **DISCOVERY ORDER RE: DOCKET NO. 53** |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

**INTRODUCTION**

Pending before the Court is the parties' joint discovery dispute letter filed on November 8, 2011.[1] Dkt. No. 53. In the joint letter, Defendants Wells Fargo and Pam Rubio seek to compel Plaintiff Judi Klosek to submit to an independent medical examination (IME) pursuant to Federal Rule of Civil Procedure (FRCP) 35. Defendants argue that they are entitled to conduct an IME of Plaintiff because she has placed her mental condition in controversy and there is good cause for the examination. *See Impey v. Office Depot, Inc*., 2010 WL 2985071, at *20 (N.D. Cal. July 27, 2011) ("A party seeking to compel a psychiatric evaluation of an opposing party bears the burden of affirmatively showing that the adverse party's mental or physical condition is in controversy and that there is good cause for the examination") (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). Plaintiff does not contend that Defendants have failed to meet these requirements; rather, Plaintiff's principal objection to the IME is that Defendants' request is untimely because it comes

---

[1] The Court provided the factual background of this matter in a previous discovery order filed on August 4, 2011. Dkt. No. 40.

after the close of fact discovery.

Pursuant to Judge Wilken's scheduling orders, fact discovery closed on October 5, 2011 and the expert discovery cutoff is set for December 16, 2011. Dkt. Nos. 18 and 33. Defendants contend that they notified Plaintiff about their intent to conduct an IME on October 4. Plaintiff disputes this, arguing that Defendants did not specifically request a mental health examination until October 17. This issue — which the Court cannot fully evaluate based on the record before it — is a distinction without a difference since under both scenarios Defendants would not have completed an IME before the close of fact discovery. Defendants, however, take the position that there is no bright-line rule requiring IMEs to be conducted during the period for fact discovery, and they should be allowed to proceed with an IME since it will not prejudice Plaintiff. Plaintiff, on the other hand, argues that Defendants missed the deadline for their IME, and now only Judge Wilken can extend the cutoff date.

FRCP 35 does not specify a deadline for conducting an IME and the limited case law on this issue lends support to both of the parties' views. For instance, in *Balzer v. American Family Insurance Company*, the Court denied the defendant's FRCP 35 motion because it had known that the plaintiff's medical condition was at issue since the complaint was filed and yet it did not request an IME until the last day of expert disclosures, which was well after the close of fact discovery. 2010 WL 1838431, at *2 (N.D. Ind. May 6, 2010) (following *Miksis v. Howard*, 106 F.3d 754 (7th Cir. 1997). Conversely, the Court in *Walti v. Toys R Us* granted a FRCP 35 motion that was filed three months after the fact discovery cutoff and two weeks before expert disclosures were due. 2011 WL 3876907, at *3-4 (N.D. Ill. Aug. 31, 2011). *Walti* held that *Miksis* did not establish a firm rule that FRCP 35 examinations must be conducted by the close of fact discovery, and trial courts have wide discretion to determine such motions depending on the facts of particular cases. *Id.* In this District, Judge Illston has held that a FRCP 35 motion filed seven days after the close of fact discovery was timely, noting that the Local Civil Rules do not categorize FRCP 35 examinations as either "non-expert" or "expert" discovery. *Lester v. Mineta*, 2006 WL 3741949, at *1-2 (N.D. Cal. Dec. 19, 2006) (holding that even if the IME was subject to the non-expert discovery deadline, the

defendants' motion was timely because it was filed within seven days of the cutoff as required by the Local Rules for motions to compel).

Under the facts presented here, it is not necessary for the Court to rule on this unsettled issue of when FRCP 35 examinations should be conducted. Rather, the Court considers the particular circumstances of this case and the intent behind the rules of discovery to permit Defendants to proceed with Plaintiff's IME on this occasion. The Supreme Court has instructed that discovery rules should be liberally construed to effectuate their purpose of making sure that parties are fully informed of the facts of their case prior to going to trial. *Schlagenhauf*, 379 U.S. at 114-15. The interpretation of these rules, including FRCP 35, has been left to the sound discretion of trial courts. *See Impey*, 2010 WL 2985071, at *20; *Lester*, 2006 WL 3741949, at *1. Here, it is not clear from the record why Defendants did not pursue an IME at an earlier date. But there is no evidence that Defendants made this decision in bad faith or have any ulterior motives. *See DeNeui v. Wellman*, 2008 WL 4065816, at *7 (D.S.D. Aug. 27, 2008) (explaining that "[a]bsent evidence of bad faith or ulterior motives on the part of the movant, the result in the [*Miksis* case] seems harsh"). There is also no dispute that an IME is warranted since Plaintiff's mental condition will be an issue at trial. Plaintiff is seeking $500,000 in emotional distress damages and has retained a mental health expert to testify on her behalf. Lastly, Plaintiff has not shown that she will suffer any prejudice if Defendants are permitted to conduct an IME after the fact discovery deadline but before expert discovery closes. This will not delay the resolution of Plaintiff's lawsuit since Defendants' Motion for Summary Judgment is still pending and trial is not scheduled until February 21, 2012.[2] *See Regan v. Trinity Distrib. Servs., Inc.*, 251 F.R.D. 108, 111 (W.D.N.Y. 2008) (granting untimely FRCP 35 motion and noting that the "plaintiff is hard-pressed to show how he will be prejudiced by an examination of his injuries — which are plainly and concededly relevant to the question of damages — that he had long expected would be conducted during the pretrial phase of this

---

[2] On July 8, 2011, Judge Wilken signed the parties' stipulation to extend the discovery deadlines and specifically informed them that the extension may lead to a delay of the trial date and other pretrial deadlines. *See* Dkt. Nos. 18, 33, and 74.

litigation"). Based on the above circumstances, the Court exercises its discretion and **GRANTS** Defendants' request for an IME. The parties are hereby ordered to find a mutually agreeable date for the examination as soon as possible.

**IT IS SO ORDERED.**

Dated: December 1, 2011

Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California