IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA GUITRON; and JUDI KLOSEK, | No. C 10-3461 CW |
| Plaintiffs, | ORDER REGARDING PLAINTIFFS' MOTION TO FILE UNDER SEAL |
| v. | |
| WELLS FARGO BANK, N.A.; WELLS FARGO & CO.; PAM RUBIO; and DOES 1-20, | |
| Defendants. | |

The Court has received copies of an administrative motion from Plaintiffs Yesenia Guitron and Judi Klosek seeking to file under seal certain exhibits submitted in support of their opposition to the motion for summary judgment filed by Defendants Wells Fargo Bank, N.A., Wells Fargo & Co. and Pam Rubio. It does not appear that Plaintiffs have filed a copy of their administrative motion to seal in the docket of this case.

The Court notes that, in their motion, Plaintiffs state that the documents that they seek to file under seal fall into two categories: (1) Plaintiffs' personnel files while working for Defendants, including performance documents and personal identifying information for Plaintiffs; and (2) documents that contain sensitive and private information of third parties, including social security numbers, bank account numbers and financial information. However, some of the documents that

Plaintiffs seek to seal do not appear to fall into these two listed categories. For example, Exhibit 38 appears to contain a Wells Fargo Store Manager Incentive Plan and frequently asked questions related to this plan, and Exhibit 43 appears to contain a Wells Fargo Team Member Handbook.

Plaintiffs' filings are connected to a dispositive motion. To establish that the documents are sealable, Plaintiffs "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civ. Local R. 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable. Civ. Local R. 79-5(d).

Accordingly, if Plaintiffs wish this material to be considered, they must file their administrative motion to seal within three days of the date of this Order in compliance with General Order 62. With their administrative motion to seal, Plaintiffs shall provide a sworn declaration demonstrating with

particularity the need to file each document under seal and shall identify any exhibits that they seek to file under seal that have been designated as confidential by Defendants.

If Plaintiffs fail to comply with this Order, the Court will not consider the exhibits that they seek to file under seal in ruling on Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated: 1/4/2012

_____
CLAUDIA WILKEN
United States District Judge

3