IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA GUITRON; and JUDI KLOSEK,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.; WELLS FARGO & CO.; PAM RUBIO; and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 10-3461 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO FILE UNDER SEAL (Docket No. 120) |

    Plaintiffs Yesenia Guitron and Judi Klosek seek to file under seal certain exhibits submitted in support of their opposition to the motion for summary judgment filed by Defendants Wells Fargo Bank, N.A., Wells Fargo & Co. and Pam Rubio.

    Plaintiffs' filings are connected to a dispositive motion. To establish that the documents are sealable, Plaintiffs "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to

file each document under seal. Civil Local Rule 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable within seven days of the filing of the motion to seal. Civil Local Rule 79-5(d).

In their motion, Plaintiffs state that the documents that they seek to file under seal fall into two categories: (1) Plaintiffs' personnel files while working for Defendants, including performance documents and personal identifying information for Plaintiffs; and (2) documents that contain sensitive and private information of third parties, including social security numbers, bank account numbers and financial information. Plaintiffs argue that public disclosure of these documents would violate the right to privacy of Plaintiffs and the third parties. In Plaintiffs' supporting declaration, Plaintiffs identify a third category of documents, "Documents produced by Defendants in discovery that have been designated as 'confidential' by Defendants according to the terms of the Parties' Protective Order." Peretz Decl. ¶ 3. According to this declaration, the majority of the exhibits that Plaintiffs seek to file under seal fall into this third category. Id. at ¶¶ 4, 7.

Based on the Court's review of the exhibits and Plaintiffs' supporting declaration, the Court finds that Plaintiffs have provided compelling reasons supporting the sealing of the records that fall into Categories One and Two. Accordingly, Plaintiffs'

2

motion is GRANTED to the extent that it applies to Exhibits 51, 52, 56, 72-74, 172-175, 177-195 and 197-201.  However, Defendants have not submitted a supporting declaration establishing that the exhibits that fall into the third category are sealable, even though more than seven days have elapsed since Plaintiffs filed their motion to seal and supporting declaration.  Accordingly, Plaintiffs' motion is DENIED to the extent that it seeks to submit these documents under seal (Docket No. 120).

    Within three days of the date of this Order, Plaintiffs shall electronically file Exhibits 51, 52, 56, 72-74, 172-175, 177-195 and 197-201 under seal, in accordance with General Order 62, and the remaining exhibits in the public record.

    IT IS SO ORDERED.

Dated: 1/18/2012

                              CLAUDIA WILKEN
                              United States District Judge